JS - 6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IDEAL COMPANY, INC., a California corporation; ARNOLD LARA, an individual, | ) ) ) | CV 15-07256 RSWL (GJSx) |
| Plaintiffs, | ) ) ) | **ORDER re: DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY** |
| v. | ) ) | [18] |
| 1st MERCHANT FUNDING, LLC AND DOES 1-10, inclusive, | ) ) ) | |
| Defendant(s). | ) ) ) ) | |

Before the Court is Defendant 1st Merchant Funding, LLC's ("Defendant") Motion to Dismiss, or in the Alternative, Stay [18].  The present Motion arises from an action brought on September 9, 2015 in Florida state court by Defendant against Ideal Company, Inc. ("Ideal") and Arnold Lara (collectively "Plaintiffs") for breach of a UCC Article 9 sales agreement ("the Agreement").  In the underlying action, Defendant seeks damages, attorneys' fees, costs, and interest.

On September 16, 2015, Plaintiffs filed the present Action, alleging that the Agreement is a disguised loan transaction and asserting various California law claims as well as violations of the Telephone Consumer Protection Act ("TCPA"). Defendant now requests that this Court dismiss, or in the alternative stay the present action. For the reasons discussed below, this Court **GRANTS** Defendant's Motion [18] and dismisses the present matter.

## I.   BACKGROUND

### A.   Factual Background

Defendant is a Florida Limited Liability Company, based in Miami, Florida, that is involved in "merchant funding," that is, purchasing future receivables from small to mid-size businesses. Plaintiff Ideal Co. is a California corporation based in Los Angeles, California. Pls.' Compl. ¶ 4, ECF No. 1. Plaintiff Arnold Lara is president of Ideal Co. Id. Ideal Co. entered into a Future Receipts Purchase and Sale Agreement (the "Agreement") with 1MF. See id. Ex. A. Arnold Lara personally guaranteed that Ideal Co. would not breach certain specified provisions of the Agreement. Id. at Art VI., p. 1.

On May 12, 2015, the parties entered into the Agreement together, wherein the Plaintiffs sold $76,680.00 of Ideal's receivables/revenue to Defendant. Def.'s Compl. ¶ 11, ECF No. 11-3; see Pl.'s Compl. Ex. A. The receivables/revenue were to be paid to

Defendant from a percentage of Ideal's daily revenue/receivables, in exchange for an up-front sum of $54,000.00 from Defendant, less a filing fee of $295.00. *Id.* The receivables were to be paid to 1MF in a fixed daily payment of $290.45. *See* Pl.'s Compl. Ex. A, p. 1, Art. III.

Between May 29, 2015 and July 23, 2015, 1MF collected $9,003.95 of the future receivables it had purchased, leaving $67,966.50 yet to be transferred. *See* Reynolds Decl. ¶ 22, Ex. A. Defendant alleges that "[o]n approximately July 24, 2015, Ideal Co. Breached [] Section 4.1 of the Agreement and its representations and warranties by converting the designated bank account to a deposit-only account, thereby preventing 1MF from collecting the purchased receivables and depriving 1MF of the benefit of the bargain." Mot. to Compel Arbitration ("Mot.") 5:15-21.

Defendant alleges that after informal attempts to resolve the issue failed, on September 9, 2015, Defendant filed an action in Florida state court (the "Florida action") seeking damages from Plaintiffs for breach of the Agreement. *Id.* at 5:23-26. On September 16, 2015, Plaintiffs filed the present Action, alleging that the Agreement actually represents a disguised loan transaction and asserting claims under California law, as well as violations of the Telephone Consumer Protection Act. *See generally* Pls.' Compl., ECF No. 1.

On October 15, 2015, Defendant filed an arbitration

proceeding with the American Arbitration Association
("AAA") in Miami, Florida, seeking to arbitrate its
claims for damages against Plaintiffs in the Florida
action, as well as a declaration that Plaintiffs'
claims asserted in this Action are without merit (the
"Arbitration Proceeding").  "After Plaintiffs would not
agree that these claims were arbitrable, the AAA and
the parties agreed to stay that proceeding pending this
[C]ourt's ruling on this Motion to Compel Arbitration.
On December 4, 2015, [Defendant] dismissed the Florida
Action without prejudice."  Id. at 6:6-14.  On March 1,
2016, this Court denied Defendant's Motion to Compel
Arbitration, finding that while the parties'
Arbitration Provision was valid and enforceable, and
while the parties' claims were all arbitrable, this
Court could not order the parties to arbitrate outside
of this Court's jurisdiction.  See Order dated 3/1/16,
ECF No. 17 ("March 1 Order").

**B.   Procedural Background**

    On September 16, 2015, Plaintiffs brought the
present Action [1].  On December 8, 2015, Defendant
filed its Motion to Compel Arbitration [11].  On March
1, 2016, this Court denied Defendant's Motion to Compel
Arbitration [17].  On March 21, 2016, Defendant filed
the present Motion to Dismiss, or in the Alternative,
Stay [18].  The present motion was made following the
conference of counsel pursuant to Local Rule 7-3, which
took place during an exchange of emails between March

15, and March 21, 2016.  Not. of Mot. 2:1-3, ECF No. 18.  Plaintiffs have not opposed Defendant's present Motion.  The Motion was taken off-calendar and under submission on April 14, 2016.

## II.  DISCUSSION

### A.  **Legal Standards**

#### 1.  Motion to Dismiss - Fed. R. Civ. P. 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction.  See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).  If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous.  See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000.  See id.

#### 2.  Motion to Dismiss - Fed R. Civ. P. 12(b)(3)

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue.  Generally, courts look to the

venue provisions set forth in 28 U.S.C. § 1391 to
determine whether venue is proper.  When considering a
motion to dismiss under Rule 12(b)(3), a court need not
accept the pleadings as true and may consider facts
outside of the pleadings.  <u>Arqueta v. Banco Mexicano,</u>
<u>S.A.</u>, 87 F.3d 320, 324 (9th Cir. 1996).  Once the
defendant has challenged a given court's jurisdiction
for improper venue, the plaintiff bears the burden of
showing that venue is proper.  <u>Piedmont Label Co. v.</u>
<u>Sun Garden Packing Co.</u>, 598 F.2d 491, 496 (9th Cir.
1979).  If the court determines that venue is improper,
the court must dismiss the action or, if it is in the
interests of justice, transfer the action to a district
or division in which the action could have been
brought.  28 U.S.C. § 1406(a).  Whether to dismiss for
improper venue or transfer venue to a proper court is
within the sound discretion of the district court.  <u>See</u>
<u>King v. Russell</u>, 963 F.2d 1301, 1304 (9th Cir. 1992).

     3.  <u>Motion to Dismiss - Fed. R. Civ. P. 12(b)(6)</u>

     Federal Rule of Civil Procedure 12(b)(6) allows a
party to move for dismissal of one or more claims if
the pleading fails to state a claim upon which relief
can be granted.  Fed. R. Civ. P. 12(b)(6).  Dismissal
can be based on "the absence of sufficient facts
alleged under a cognizable legal theory."  <u>Balistreri</u>
<u>v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.
1990).  A complaint "should not be dismissed under Rule

1  12(b)(6) 'unless it appears beyond doubt that the
2  plaintiff can prove no set of facts in support of his
3  claim which would entitle him to relief.'"  <u>Id.</u> (citing
4  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  In a
5  Rule 12(b)(6) motion to dismiss, a court must presume
6  all factual allegations of the complaint to be true and
7  draw all reasonable inferences in favor of the non-
8  moving party.  <u>Klarfeld v. United States</u>, 944 F.2d 583,
9  585 (9th Cir. 1991).  A complaint must "contain
10 sufficient factual matter, accepted as true, to state a
11 claim to relief that is plausible on its face."
12 <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal
13 quotation marks omitted).

14 **B.  <u>Analysis</u>**

15     1.  <u>Defendant's Motion is Unopposed</u>

16     Local Rule 7-12 provides that a party's failure to
17 file any memorandum or other document, such as an
18 opposition to a motion, within the proscribed deadline
19 "may be deemed consent to the granting or denial of the
20 motion."  L.R. 7-12.  Here, as Plaintiff has not
21 responded to Defendant's present Motion to Dismiss, or
22 in the Alternative, Stay [18-1], this Court may grant
23 Defendant's Motion pursuant to Rule 7-12.  Nonetheless,
24 this Court will consider Defendant's Motion on the
25 merits.
26 //
27 //

2.   <u>Dismissal is the Appropriate Remedy</u>

In this Court's March 1 Order, addressing Defendant's Motion to Compel Arbitration [11], this Court found that (1) the parties' arbitration provision is within the scope of the FAA, (2) the arbitration provision is valid, and (3) all of the claims in this action are subject to the arbitration provision.  Order dated 3/1/16, 7:1-12:9, ECF No. 17.  In fact, as this Court noted in its March 1 Order, the parties do not dispute that the claims in the present matter are subject to their arbitration provision.  <u>Id.</u>

In Defendant's Motion to Compel Arbitration, Defendant requested that this Court order the parties to arbitrate their claims in Miami, Florida.  <u>See generally</u> Def.'s Mot. to Compel Arbitration, ECF No. 11.  This Court held that it could not compel arbitration in Miami because this Court, pursuant to the Ninth Circuit's ruling in <u>Continental Grain Co v. Dant & Russell</u>, 118 F.2d 967, 969 (9th Cir. 1941), cannot compel arbitration outside of its jurisdiction.  Accordingly, this Court denied Defendant's Motion.  <u>See</u> Order dated 3/1/16, ECF No. 17.

The Federal Arbitration Act ("FAA") prescribes that when an issue referable to arbitration is brought before the court, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the

1   terms of the agreement, providing the applicant for the

2   stay is not in default in proceeding with such

3   arbitration."   9 U.S.C. § 3.   This is so, even when the

4   court lacks the power to compel arbitration; it is the

5   existence of the agreement to arbitrate which requires

6   the court to stay proceedings until arbitration has

7   been completed.

8        However, circuit courts, including the Ninth

9   Circuit, have held that "§ 3 is not mandatory and,

10  alternatively, district courts may order dismissal

11  'when all claims are barred by an arbitration clause.'"

12  Randhawa v. Skylux, Inc., No. 09-cv-2304-WBS-KJN, 2010

13  WL 4069654, at *2 (E.D. Cal. 2010) (citing Sparling v.

14  Hoffman Const. Co., 864 F.2d 635, 638 (9th Cir. 1988));

15  see also Sparling v. Hoffman Construction Co., 864 F.2d

16  635, 638 (9th Cir. 1988); Choice Hotels Int'l, Inc. v.

17  BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th

18  Cir. 2001) ("Notwithstanding the terms of § 3, however,

19  dismissal is a proper remedy when all of the issues

20  presented in a lawsuit are arbitrable."); Green v.

21  Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000)

22  ("The weight of authority clearly supports dismissal of

23  the case when all of the issues raised in the district

24  court must be submitted to arbitration."); Alford v.

25  Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th

26  Cir. 1992) (holding that § 3 "was not intended to limit

27  dismissal of a case in the proper circumstances.").

28                              9

Further, "[s]ubstantial case law establishes that [Rules 12(b)(1), (3) and (6) are the correct rules under which to seek dismissal based on an arbitration provision." <u>Valley Power Sys., Inc. v. Gen. Elec. Co.</u>, No. 11-cv-10726-CAS-JCx, 2012 WL 665977, at *7 (C.D. Cal. Feb. 27, 2012).

As dismissal is discretionary, and district courts have frequently found dismissal to be the appropriate remedy when all of the claims asserted are arbitrable, this Court hereby **GRANTS** Defendant's Motion [18], and dismisses this action without prejudice.

### III.   CONCLUSION

Based on the foregoing reasons, this Court **GRANTS** Defendant's Motion [18].

**IT IS SO ORDERED.**

DATED: May 18, 2016      <u>s/ RONALD S.W. LEW</u>
                         HONORABLE RONALD S. W. LEW
                         Senior U.S. District Judge